1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS LOPEZ, | ) Case No. CV 12-1064-JFW (SP) |
| Petitioner, | ) |
| | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| | ) **DENYING EXTENSION MOTION** |
| M.D. BITER, Warden, | ) **AND SUMMARILY** |
| | ) **DISMISSING ACTION** |
| Respondent. | ) |

17      On February 8, 2012, "petitioner" Juan Carlos Lopez – who has not actually
18   yet filed a petition in this Court – filed a document titled "Notice of Motion for
19   Extension of Time to File Habeas Corpus Petition."  Petitioner is a California state
20   prisoner who requests an extension of time of uncertain length – specifically, "for
21   the time petitioner has the state habeas petition on file in the state courts" and/or
22   for 90 days – to file a petition for writ of habeas corpus in federal court.  It
23   therefore appears that petitioner is seeking an enlargement of his time under the
24   Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of
25   limitations to file a federal habeas petition under 28 U.S.C. § 2254.  The relief
26   petitioner requests cannot be granted.

27      Under the "case or controversy" requirement of Article III, Section 2 of the
28   United States Constitution, federal courts may not issue advisory opinions.  *See*

*Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968).  Because petitioner has not actually filed a federal habeas petition challenging his conviction or sentence, there is no case or controversy properly before this Court.  This Court therefore lacks jurisdiction to grant a motion to extend petitioner's time to file a federal habeas petition or to otherwise decide the timeliness of some such potential future petition.  *See U.S. v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) ("a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"); *McDade v. Warden*, 2010 WL 4795377, at *1 (C.D. Cal. 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of § 2254 petition); *see also Calderon v. Ashmus,* 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Petitioner contends he needs more time to exhaust his state remedies through the state habeas petition he has already filed, that he experienced delays in receiving his legal files, and he needs more time to conduct legal research.  If and when petitioner files a habeas petition in this Court, and if the timeliness of that petition is questioned, this Court can consider whether petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or to equitable tolling.  But those are matters that cannot be decided at this juncture.

//

//

//

2

1      IT IS THEREFORE ORDERED that petitioner's motion for extension of

2  time to file a habeas corpus petition is DENIED, and that Judgment be entered

3  summarily dismissing this action without prejudice.

4

5  DATED:  2/13/2012

6  _____

7              HONORABLE JOHN F. WALTER
            UNITED STATES DISTRICT JUDGE
8

Presented by:

9

10

11  _____

12          SHERI PYM
   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              3